UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TROY SMITH §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>TRINITY COURIERS, INC. §<br>AND TRINITY COURIERS §<br>DFW, INC. §<br>§<br>Defendants. § | JURY TRIAL DEMANDED |

# COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the above-named Troy Smith ("Smith"), individually files pursuant to the Fair Labor Standards Act ("FLSA"), Title 29 U.S.C. §§ 201, *et seq.*, this, his Complaint against the above-named Defendants, Trinity Couriers, Inc. and Trinity Couriers DFW, Inc. (collectively, "Defendants"). Defendants violated the FLSA by employing Troy Smith for a workweek longer than forty hours but refused to compensate him for his employment in excess of forty hours, at a rate not less than one and one-half times the regular rate although he is considered a nonexempt employee for purposes of the FLSA. Defendants also failed to maintain accurate records in violation of 29 U.S.C. §§ 211(c). Defendants willingly violated these provisions of the FLSA. By this Complaint, Plaintiff seeks from Defendants unpaid overtime compensation, liquidated damages, reasonable attorneys fees, costs, and other relief under the FLSA. In support thereof, he would respectfully show the Court as follows:

## I.     NATURE OF SUIT

1. The United States Congress passed the FLSA in 1938. Congress' principle purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours and labor conditions that are detrimental to maintenance of minimum standards of living necessary for heath, efficiency, and general well-being of workers and to "ensure that each employee covered by [the FLSA] would receive 'a fair day's pay for a fair day's work' and would be protected from 'the evil of overwork as well as underpay." *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). In order to achieve this, the FLSA defines appropriate pay deductions and sets overtime pay, wage, and recordkeeping requirements for covered employers.  29 U.S.C. 206(a), 207(a), 211(c).

2. Defendants violated the FLSA by employing Troy Smith for a workweek longer than forty hours at a rate not less than one and one-half times the regular rate at which he was employed.  29 U.S.C. 207(a)(1).

3. In addition, Defendants violated the FLSA by failing to maintain accurate time and pay records for Mr. Smith as required by 29 U.S.C. § 211(c) and 29 C.F.R. pg. 516.

4. Defendants willingly violated these provisions of the FLSA and failed to reimburse Smith after the issue was raised to its attention.

5. Defendants are liable to Smith for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## II.     Jurisdiction & Venue

6. This Court has jurisdiction of this action pursuant to 28 U.SC. § 1331 because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 (b)(1), (2)

because Defendants reside in this district and/or a substantial part of the events or omissions giving rise to Smith's claims occurred in the Dallas Division of the Northern District of Texas.

### III. Parties

8. Troy Smith is an individual who resides in Dallas, Texas and who was employed by Trinity Couriers DFW, Inc. in this district during the last three years.

9. Trinity Couriers DFW, Inc. is Smith's employer for FLSA purposes because it promulgated employment policies, possessed the authority to hire or fire Smit; determined the rate of Smith's method of pay; and/or maintained Smith's employment records.

10. Trinity Couriers Inc. is an enterprise engaged in commerce because its subsidiary companies, including Trinity Couriers DFW, performed related activities through unified operation or common control for a common business purposes, including similar employment manuals and/or polices, and collectively advertised as a single unit.  Both are covered enterprises for purposes of FLSA and can be served with process through its registered agent John L. Jackson at 19365 fm 2252 #5, Garden Ridge, TX 78266 USA.

11. Any act alleged to have been committed by its subsidiary was done with the full authorization, ratification, or approval of Trinity Couriers, Inc.

### IV. Facts

12. Trinity Couriers DFW, Inc. employed Smith as a courier from November 2017 until February 2018.

13.  During Smith's employment, he was engaged in commerce or the production of goods for commerce.

14. Trinity Couriers DFW, Inc. was an enterprise engaged in commerce because it (1) had

employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

15. Trinity Couriers DFW, Inc. paid Smith on a day-rate basis.

16. During Smith's employment with Trinity Couriers DFW, Inc. he regularly worked in excess of forty hours per week.

17. Trinity Couriers DFW, Inc. willingly allowed Smith to work in excess of forty hours per week.

18. Trinity Couriers DFW, Inc. willingly failed to pay Smith overtime at a rate not less one and one-half times the regular rate at which he was employed even after it was brought to the attention of the company.

19. Trinity Couriers DFW, Inc. knew or reasonably should have known that Smith was not exempt from the overtime provisions of the FLSA.

20. Trinity Couriers DFW, Inc. failed to maintain accurate time and pay records for Smith as required by 29 U.S.C. 211(c) and 29 C.F. R. pg 516.

21. Trinity Couriers DFW, Inc. is liable to Smith for his unpaid overtime wages, liquidated damages, and attorney's fees and costs pursuant to 29 U.S.C. 216(b).

### V. Count One—Enterprise Liability

22. Smith adopts by reference all of the facts set forth above.

23. Trinity Couriers, Inc., and Trinity Couriers DFW, Inc. constitute a single FLSA enterprise and are, therefore, jointly and severally liable as employers under the FLSA.

24. Each member of the enterprise performs related activities through unified operation or common control for a common business purpose.

25. Each member of the enterprise is in the courier business.

26. The members of the enterprise are not completely disassociated with one another and are under common control.

## VI. Count Two—Individual Liability (Trinity Couriers DFW, Inc.)

27. Plaintiff adopts by reference all of the facts set forth above.

28. Trinity Couriers of DFW, Inc. is individually liable to Smith because it was his employer and because it, among other things, made wage payments to him in violation of the FLSA.

## VII. Count Three—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

29. Smith adopts by reference all of the facts set forth above.

30. During Smith's employment with Trinity Couriers DFW, Inc. he was a nonexempt employee.

31. As a nonexempt employee, Trinity Couriers DFW, Inc. was legally obligated to pay Smith at a rate not less than one and one-half times the regular rate at which he was employed for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

32. Trinity Couriers DFW, Inc. did not pay Smith overtime at a rate not less than one and one-half times the regular rate at which he was employed. 29 U.S.C. § 207(a)(1). Instead it paid Smith a flat sum for each day's work regardless of the number of hours he worked in a workweek.

33. Even after Smith notified Trinity Couriers Inc. that it failed to pay him overtime pursuant to the FLSA, it did not correct its failure and instead willfully violated the overtime requirements of the FLSA.

## VIII. Count Four—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

34. Plaintiff adopts by reference all of the facts set forth above.

35. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

36. In addition to the pay violations of the FLSA described above, Trinity Couriers also failed to keep proper time and pay records as required by the FLSA.

## VIX. Jury Demand

37. Plaintiff demands a trial by jury.

## X. Prayer

38. Plaintiff prays for the following relief:

    a. judgment awarding Smith all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    b. prejudgment interest at the applicable rate;

    c. post judgment interest at the applicable rate;

    d. All such other and further relief to which Smith may show himself entitled.

Respectfully submitted this the 1st day of November, 2019.

/s/ Volney Brand
Volney Brand (Bar No. 24073253)
Brand Law PLLC
3626 N Hall Ste 610
Dallas, TX 75219
Telephone: 214-932-1472
Fax: 214-932-1473